## MARKER v. CITY OF MISHAWAKA ET AL.

[No. 5,217.   Filed April 19, 1905.]

PLEADING.— *Complaint.— Municipal Corporations.— Negligence.— Fellow Servants.*—A complaint against a municipal corporation and a person for damages for personal injuries, which alleges that plaintiff was employed by defendants to assist in moving gravel from a lot, and that while so engaged the driver of a wagon in which plaintiff was riding drove into a "dangerous, hidden and unguarded hole," causing plaintiff's injuries, fails to state a cause of action where it is not alleged that such driver was not a fellow servant and that such driver had no knowledge of such danger.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Daniel Marker against the City of Mishawaka and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Davey, Field & Case,* for appellant.

*E. A. Howard* and *Joseph G. Orr,* for appellees.

ROBINSON, P. J.—A demurrer was sustained to appellant's complaint asking damages for personal injuries, and this ruling is assigned as error.

The first paragraph of complaint is against both appellees, and avers that appellee city is a municipal corporation; that appellant was employed by appellees, and was engaged in assisting in moving gravel from a lot, for the purpose of repairing certain streets; that the appellees ordered him to go upon the lot, on a vehicle, to remove a load of gravel therefrom; that he was sitting on the customary seat of the wagon, which "was driven by said defendants," when suddenly one of the front wheels dropped into a "dangerous, hidden and unguarded hole or excavation which had been negligently and carelessly allowed to remain there by said defendants," whose duty it was to keep the place in a· reasonably safe condition in which to work, but had failed so

to do; that by reason of the dropping of the wheel into the hole he was thrown to the ground and injured; that "said defendants" had negligently "dug a dangerous underground excavation or hole to the depth of about three feet and from two to three and one-half feet long and from six to twelve inches wide;" that the hole "was of hidden, concealed, undermined and latent character, and that said earth, gravel, soils or other substances covering and surrounding said excavation were of the same general appearance as the surface" of the rest of the ground; that appellant had no knowledge of the existence of the hole, but the same was known to appellees; that appellees knew, or by the exercise of reasonable care could have known, of the existence, location and dangerous character of the hole, and of the fact that appellant must pass over or near the same in the discharge of his duty.

It does not appear in the first paragraph in what capacity appellee Rossman was engaged. Everything charged to have been done or omitted was by "said defendants." It does not appear from either paragraph who was driving at the time of the injury. In the first paragraph it is averred the driving was by "said defendants," and in the second paragraph "by said defendant." If it can be said that the first paragraph discloses that Rossman was driving, then it also appears some one else was driving for the city, as the pleading shows the driving was by "said defendants." Each paragraph does disclose that the driving was by some person or persons other than appellant. The pleading does not disclose whether this driver and appellant were or were not engaged in the same common employment. If they were, they were fellow servants. We can not presume, from the facts pleaded, that they were not; but, presuming against the pleading, we presume they were. The driver may have known all about the hole, and the injury may have been caused through his negligence. These facts are not negatived. We can not presume that the injury

NOVEMBER TERM, 1904.    295

Crystal Ice, etc., Co. *v.* Marion Gas Co.—35 Ind. App. 295.

was not caused by the negligence of a fellow servant. But it would be necessary to do that in order to sustain either paragraph of the complaint.

Judgment affirmed.